# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DELFINA Z. GARCIA,

     Plaintiff,

vs.                                       No. 01cv1194 BB/JHG

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Garcia's) Motion to Reverse or Remand Administrative Decision, filed June 6, 2002. The Commissioner of Social Security issued a final decision denying Garcia's application for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand is well taken and recommends that it be GRANTED.

Garcia, now fifty-seven years old, filed her application for disability insurance benefits and supplemental security income on May17, 1999, alleging disability since April 25, 1999, due to a lumbar impairment followed by a laminectomy, left ankle problems, thyroid problems, and impaired hearing of her right ear. Garcia has a tenth grade education and past relevant work as a stock person at a candy company. On April 13, 2001, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding that Garcia had severe impairments of degenerative disc disease of her lumbosacral spine, degenerative joint disease of her left ankle and an internal

derangement of her right knee but they did not meet or equal in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1. The ALJ further found Garcia retained the residual functional capacity (RFC) for a full range of sedentary work and thus could perform the requirements of her past relevant work as a line packer. Tr. 16. As to her credibility, the ALJ found Garcia's testimony was not wholly credible. *Id.* Garcia filed a Request for Review of the decision by the Appeals Council. On April 13, 2001, the Appeals Council denied Garcia's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Garcia seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Barker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Therefore, while

the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand, Garcia contends, *inter alia,* that the ALJ

failed in his duty to develop the record. Garcia has submitted additional evidence for the Court's consideration which she claims constitutes "new evidence." Pl.'s Mem. in Supp. of Mot. to Reverse or Remand at 7. Garcia has submitted a letter from Joseph K. Ford, her treating physician, dated January 16, 2001; reports from Memorial Medical Center dated March 3, 2001 through September 9, 2001; and a questionnaire completed by Dr. Ford, evaluating Garcia's work capabilities. Garcia requests the Court remand her case to the ALJ for further hearing given "the incomplete evidence and meager testimony available during the first hearing." *Id.*

A claimant is responsible for furnishing medical evidence of claimed impairments, see § 404.1512(a), (c), but the Commissioner also has the duty to ensure that an adequate record is developed relevant to the issues raised, see *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Consistent with this duty, § 404.1512(d) states that the Commissioner will make "every reasonable effort" to help a claimant get records from his or her medical sources. 20 C.F.R. § 404.1512(d). The ALJ's duty to develop the record in a social security disability hearing is heightened when the claimant is unrepresented. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Section 405(g), directs that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Court in *Cagle v. Califano,* 638 F.2d 219 (10th Cir. 1981), set out the standard for remanding a case when the claimaint moves to remand for consideration of new evidence:

The determination of the just cause required by § 405(g) to justify a remand should

4

be made in the first instance by the district court. The plaintiff has the burden of presenting to the court the evidence upon which he relies to establish just cause for remand to the Secretary and the Secretary may rebut the evidence. The court should then determine whether there is just cause to conclude that the Secretary's decision might reasonably be different if that evidence were presented. If just cause is found the case should be remanded to the Secretary for further proceedings. If the court rejects the just cause claim, then remand should be denied. In either event, the action of the district court will be subject to review by this court.

*Id.* at 221. The Commissioner argues remand is inappropriate because some of the evidence was available to Garcia prior to the administrative hearing. The Commissioner also contends Garcia could have presented the records at issue to the Appeals Council. The Court has reviewed the records presented by Garcia and finds they are probative as to the issue of disability and may support a different decision than the one reached by the ALJ. Moreover, a review of the transcript of the administrative hearing, in which Garcia was unrepresented by counsel, indicates the ALJ gave Garcia the impression he would procure all records.

Claimant:    I have inhalers and nebulizer but anyway I called to get doctor files from them and they told me that it was very expensive which at this time I don't have the money to pay for it.

ALJ:    I can take it from there. I know just what we need to do. This is something, Ms. Garcia, that happens now and then. If private parties want record from their doctors, yes, it is very expensive but guess what? If the government wants them, if Uncle Sam wants them, he never pays more than $19.00. We'll get them. Here's what I want to — and that is correct. It's Dr. Fiel and it's FIEL or FEIL?

Tr. 23. Garcia informed the ALJ she did not have all records because she did not have the money to request them. The ALJ impressed on her that he would take care of it. Garcia, a person of

limited education, was not represented by counsel at that point and obviously confused as to how the process worked. It was reasonable for her to rely on the agency to procure all records. Additionally, the ALJ should have the benefit of all medical evidence to resolve the issue of disability. Accordingly, the Court finds that the ALJ failed in his duty to develop the record. Garcia's motion to remand should be granted to allow the ALJ the benefit of all the medical evidence in this case.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Garcia's Motion to Reverse or Remand Administrative decision, filed June 6, 2002, should be granted to allow the ALJ to review the additional medical evidence submitted by Garcia.

_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.